Matter of Branson M. (Justin M.--MyaDupri M.) (2022 NY Slip Op 05595)

Matter of Branson M. (Justin M.--MyaDupri M.)

2022 NY Slip Op 05595

Decided on October 06, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 06, 2022

Before: Manzanet-Daniels, J.P., Mazzarelli, Moulton, Kennedy, Pitt, JJ. 

Docket No. NN-04168/21 Appeal No. 16334 Case No. 2021-03888 

[*1]In the Matter of Branson M., A Child Under Eighteen Years of Age, etc., Justin M., Respondent-Appellant, MyaDupri M., Respondent, Administration for Children's Services, Petitioner-Respondent.

Daniel X. Robinson, New York, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Jonathan Popolow of counsel), for respondent.
Karen Freedman, Lawyers for Children, Inc., New York (Shirim Nothenberg of counsel), attorney for the child.

Order, Family Court, New York County (Valerie A. Pels, J.) entered on or about October 20, 2021, which denied respondent father's application for a hearing pursuant to Family Court Act § 1028, unanimously affirmed, without costs.
Respondent failed to show good cause for a hearing to determine whether the child should be returned to him (see Family Court Act § 1028[a]). He contended that he complied with the August 27, 2021 order directing him to undergo a new mental health evaluation before he may reapply for the release of the child, but the two mental health evaluations upon which he relied were not evaluations contemplated by the August 2021 order. Those evaluations were performed within two weeks after the Family Court Act § 1027 hearing and less than two months before the Family Court Act § 1028 application, were cursory and inconclusive, and did not address all the requirements of the August 2021 order. Furthermore, the court did not violate respondent's due process rights, as it properly followed the procedures under Family Court Act § 1028 and afforded him an opportunity to argue his application before denying a hearing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 6, 2022